UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, ADDITIONAL SECURITY BENEFIT FUND, VACATION & HOLIDAY FUND, TRADE EDUCATION FUND, 401(K) SAVINGS PLAN, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>Plaintiffs,<br><br>-against-<br><br>BISSETTA & LIST, INC. and FEDNER LA CHAPELLE, in his individual capacity,<br><br>Defendants. | 18 Civ.<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action pursuant to, *inter alia*, sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by the trustees of a group of multiemployer employee benefit plans to enforce an employer's contractual and statutory obligations to make specified monetary contributions to the plans, and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3.     Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4.     Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Local 1 Funds maintain their principal place of business at 50-02 5th Street, 2nd Floor, Long Island City, New York 11101.

5.     Plaintiff Trustees of the Plumbers & Pipefitters National Pension Fund (the "NPF") are employer and employee trustees of a multiemployer employee pension benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37). The NPF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada. The NPF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

6.     Plaintiff Trustees of the International Training Fund (the "ITF") are employee and employer trustees of a multiemployer employee welfare benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37). The ITF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of

the United States and Canada. The ITF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

7. Defendant Bissetta & List, Inc. ("Bissetta") was and is a for-profit corporation organized and established under the laws of the State of New York duly authorized to conduct business in the City and State of New York as an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, Bissetta maintains an office at 420 West 49th Street, New York, New York 10019.

8. Defendant Fedner La Chapelle ("La Chapelle," and together with Bissetta, "Defendants") is the principal of Bissetta, was and is an employer within the meaning of Sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 1002(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, La Chappelle maintains a principal place of business at 420 West 49th Street, New York, New York 10019.

## BACKGROUND

9. At all relevant times, Bissetta was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement (the "CBA") with Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union").

10. The CBA required Bissetta to make specified hourly contributions to the Local 1 Funds, the NPF, and the ITF (collectively, the "Funds"), in connection with all plumbing work and other specified work performed on behalf of Bissetta within the five boroughs of the City of New

York ("Covered Work"). The CBA further required Bissetta to submit monthly remittance reports to the Funds detailing the hours of Covered Work performed by employees of Bissetta.

11. Bissetta failed to submit remittance reports and/or contributions to the NPF / ITF for July 2018 through October 2018.

12. In addition, Bissetta failed to remit contributions to the Local 1 Funds for Covered work performed from September 2018 through October 2018.

## FIRST CLAIM FOR RELIEF

13. Plaintiffs repeat the allegations set forth in paragraphs 1 through 12 above and incorporate them herein by reference.

14. Section 515 of ERISA provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

15. Under the documents and instruments governing the Funds, including their trust agreements and the collection policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of the delinquent contributions, interest at the rate of 10% per annum, liquidated damages of 20% of the principal amount due, attorneys' fees, audit fees, and other collection costs.

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed

4

Case 1:18-cv-06608 Document 1 Filed 11/19/18 Page 5 of 8 PageID #: 5

by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

17. By its failure to remit reports and contributions for work performed during July 2018 through October 2018, Bissetta contravened the CBA, the documents and instruments governing the Funds, and section 515 of ERISA, 29 U.S.C. § 1145.

18. Accordingly, Bissetta is liable to the Funds for delinquent contributions and liquidated damages in an amount to be determined at trial but believed to be in excess of $300,000 for the period of July 2018 through October 2018, plus interest accrued thereon, attorneys' fees, and other expenses incurred in connection with the collection procedures.

**SECOND CLAIM FOR RELIEF**

19. Plaintiffs repeat the allegations set forth in paragraphs 1 through 18 above and incorporate them herein by reference.

20. The trust agreements of the Funds provide that the Funds' assets include not only money that employers have actually contributed to the Funds, but also delinquent amounts that employers were required to contribute to the Funds pursuant to collective bargaining agreements.

21. Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i), provides that a person is a fiduciary of an employee benefit plan to the extent he or she exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets.

22. At all relevant times, La Chapelle was president and majority shareholder of Bissetta, and exercised operational control of Bissetta, including discretionary authority and discretionary control of bank accounts and other assets in the possession of Bissetta.

5

23. At all relevant times, La Chapelle was directly responsible for the failure of Bissetta to make contributions to the Funds.

24. La Chapelle was responsible for deciding whether to use assets in the possession of Bissetta to pay contributions to the Funds. La Chapelle decided not to use such assets to pay contributions to the Funds.

25. La Chapelle exercised discretionary control and/or discretionary authority over the disposition of the Funds' assets by causing Bissetta to fail to make contributions to the Funds in accordance with the CBAs. At times when Bissetta owed contributions to the Funds, La Chapelle caused Bissetta to use assets in its possession for purposes other than making contributions to the Funds.

26. La Chapelle was a fiduciary of the Funds within the meaning of section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i).

27. La Chapelle was a party in interest with respect to the Funds, within the meaning of section 3(14)(A), (E), and/or (H) of ERISA, 29 U.S.C. § 1002(14)(A), (E), and/or (H).

28. Bissetta was a party in interest with respect to the Funds, within the meaning of section 3(14)(C) of ERISA, 29 U.S.C. § 1002(14)(C).

29. By the foregoing acts and omissions, La Chapelle failed to discharge his duties with respect to the Funds solely in the interest of the participants and beneficiaries of the Funds and for the exclusive purposes of providing benefits to the Funds' participants and their beneficiaries and defraying reasonable expenses of administering the Funds, in violation of section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A).

30. By the foregoing acts and omissions, La Chapelle failed to discharge his duties with respect to the Funds with the care, skill, prudence, and diligence under the circumstances then

prevailing that a prudent person acting in a like capacity would use in the conduct of an enterprise of a like character and with like aims, in violation of section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B).

31. By the foregoing acts and omissions, La Chapelle caused assets of the Funds to be used by or for the benefit of a party in interest, in violation of section 406(a)(1)(D) of ERISA, 29 U.S.C. § 1106(a)(1)(D).

32. By the foregoing acts and omissions, La Chapelle caused the Funds to suffer substantial monetary losses.

33. Under section 409(a) of ERISA, 29 U.S.C. § 1109(a), La Chapelle is personally liable to the Funds for all such losses, plus all profits La Chapelle has made and/or all earnings the Funds have lost as a result of such acts and omissions.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Render judgment in favor of Plaintiffs against Defendants Bissetta and La Chapelle, jointly and severally, for contributions, interest, lost earnings, and liquidated damages for the periods of July 2018 through October 2018 in an amount to be determined at trial but no less than $300,000.00, plus interest accrued thereon through the date of judgment;

(2) Award Plaintiffs the reasonable attorneys' fees, costs, and expenses incurred by them in prosecuting this action; and

(3) Award Plaintiffs such further legal, equitable, or other relief as is just and proper.


Dated: New York, New York　　　Respectfully submitted,
　　　　November 19, 2018
　　　　　　　　　　　　　　　　**VIRGINIA & AMBINDER, LLP**

By:     /s/
        Martin C. Fojas
        Charles R. Virginia
        40 Broad Street, 7th Floor
        New York, New York 10004
        (212) 943-9080
        *Attorneys for Plaintiffs*